THE HONORABLE, THE ASSEMBLY
By Assembly Resolution No. 50, you have requested my opinion "as to whether ch. 145, Laws of 1971, grants authority to county boards, where so requested by them to set salaries of county welfare department personnel."
By ch. 145, sec. 49.50 (5), Stats., was amended in the following manner to read:
"49.50 (5) COUNTY PERSONNEL SYSTEMS. [In counties having a civilservice system]* Pursuant to rules established under sub. (2), the department [may]* where requested by the county shall delegate to [the civil service agency in such]* that county [responsibility fordetermining qualifications of applicants by merit examination,provided the standards of qualifications and examinations havebeen approved by the department and the department ofadministration. The personnel in such counties shall be exemptfrom such reexamination provided such personnel has qualified forpresent positions by examinations conducted pursuant to standardsacceptable to the department.]* , without restriction because ofenumeration, any or all of the department's authority under sub.(2) to establish and maintain personnel standards includingsalary levels."
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
Section 49.50 (2), Stats., provides:
"49.50 State supervision. (2) RULES AND REGULATIONS, MERIT SYSTEM. The department shall adopt rules and regulations, not in conflict with law, for the efficient administration of aid to the blind, old-age assistance, aid to families with dependent children and aid to totally and permanently disabled persons, in agreement with the requirement for federal aid, including the establishment and maintenance of personnel standards on a merit basis. The provisions of this section relating to personnel standards on a merit basis supersede consistent provisions of any law relating to county personnel; but this subsection shall not be construed to invalidate the provisions of s. 46.22 (6)." *Page 436 
Before this amendment was adopted, in an opinion reported in 59 OAG 126 (1970), we advised that under the then existing law any salary levels of welfare employes, fixed by the county board of supervisors, had to conform to the statewide standards established by the State Department of Health and Social Services and that the department could not delegate the development of compensation standards to counties having a civil service system. However, the setting of salaries for one group of county employes in accordance with state standards apparently produced many problems for counties, as it either forced all other employes not covered under the state imposed standards to be paid at the same rates, or required counties to have two separate pay rates in the county for the same work. The above amendment is obviously intended to eliminate such difficulties by giving requesting counties power to determine compensation and personnel standards largely independent of the department's approval. This interpretation is supported by the plain language of sec. 49.50 (5), Stats., as amended, and by the fact that the legislature deleted from the amendment as passed a provision in the bill as introduced (S.B. 298) which would have provided that any personnel standards and salary levels established by a county were required to be approved by the department.
Section 49.50 (5), Stats., does not give the requesting county a completely free hand, however. The state department's authority to set personnel standards and compensation levels is limited under sec. 49.50 (2), Stats., by the requirements for federal aid. When the department's authority is delegated to a county, the county's power would be similarly limited.
Federal law requires that, to receive federal welfare money, a plan governing the distribution and management of such aid must be established. More specifically, the plan must "provide such methods of administration * * * including methods relating to the establishment and maintenance of personnel standards on a merit basis * * * as are found by the Secretary (of Health, Education and Welfare) to be necessary for the proper and efficient operation of the plan, * * *" 42 U.S.C.A. secs. 302, 602, 1202,1382. *Page 437 
The HEW rules (revised in 1971) are contained in 45 C.F.R. 70, entitled "Standards For A Merit System Of Personnel Administration." These rules appear to be flexible in granting local units of government authority to administer the programs. Specifically, with respect to compensation, the rules provide:
"Sec. 70.8 Compensation.
"(a) A plan of compensation for all classes of positions will be established and maintained on a current basis. The plan will include salary rates adjusted to the responsibility and difficulty of the work and will take into account the prevailing compensation for comparable positions in the recruiting areas and in other agencies of the Government and other relevant factors. It will provide for salary advancement for full-time permanent employees based upon quality and length of service and for other salary adjustments.
"(b) Compensation in a local agency will be governed by a compensation plan which, at the option of the State, is established by: a local government and covers other local agencies; the State and covers local grant-aided agencies; or the State and covers the agency responsible for State administration of Federal grants." (Emphasis added)
Further, with respect to organization of a merit system, the rules provide:
"Sec. 70.3 Merit system organization.
"(a) Any one of a variety of types of merit system organizations covering substantially all employees in a State or local government would meet the requirements of this section if it adequately provides for impartial administration and the system and its administration are in substantial conformity with these standards. The system will be administered by a qualified merit system executive who may be responsible to the chief executive, a top level official, or a board or commission.
"* * * *Page 438 
"(c) A local government may elect, at the option of the State, to cover grant-aided programs under a merit system serving other grant-aided agencies covered by the standards, such as a system serving State agencies, another city or county, or a group of local jurisdictions."
Since sec. 49.50 (5), Stats., as amended by ch. 145, Laws of 1971, now clearly gives requesting counties the power to determine compensation and personnel standards for their county welfare agencies, largely independent of any approval of the Wisconsin Department of Health and Social Services, it is evident that the department should re-examine its rules to eliminate any provisions which would appear to conflict with the proper exercise of local authority over such matters. In this regard, I should point out that the current rules, set forth in PW-PA 10.03, Wis. Adm. Code, appear to be generally more restrictive than is required by the Federal Rules. I note, for instance, that rule PW-PA 10.3 (4) still purports to set "minimum salary levels" for key positions within a county agency, while 45 C.F.R. 70.8 (b) of the Federal Rules obviously permits the compensation plan in a local welfare department to be guided by compensation in other county agencies rather than by state imposed standards. Likewise, rule PW-PA 10.03 (5) provides for a limitation upon recruitment, although no similar requirement is set forth in present county civil service laws or the Federal Rules. See secs.59.07 (20) and 63.01-63.17, Stats., and 45 C.F.R. 70.1 (c), which provides, in part, that:
"* * * The Federal agencies are interested in the development and continued improvement of State and local merit systems but exercise no authority over the selection, tenure of office, or compensation of any individual employed in conformity with the provisions of such systems." (Emphasis added)
Counties or any other units of government needing help in setting up and maintaining a merit system may receive advice from the Department of Health and Social Services pursuant to sec. 49.50 (6), Stats., and technical consultive assistance from HEW as provided under 45 C.F.R. 70.1 (f). If the rules and regulations of HEW are not substantially complied with, the federal grant money may be withheld. 42 U.S.C.A. secs. 304, 605, 715, 1204 and 1384. *Page 439 
RWW:JCM